OPINION. OppeR, Judge-. That there was a “reorganization” here and not a mere liquidation of the old company seems obvious if we follow the well beaten path through the reorganization wilderness that requires all parts of the transaction to be considered together rather than separately. Alabama Asphaltic Limestone Co., 315 U. S. 179. The liquidation of the old company then assumes the character of only one step in an integrated transaction. Anna V. Gilmore, 44 B. T. A. 881; affd. (C. C. A., 3d Cir.), 130 Fed. (2d) 791 ; Helvering v. Schoellkopf, 100 Fed. (2d) 415; Muskegon Motor Specialties Co., 45 B. T. A. 551; affd. (C. C. A., 6th Cir.), 134 Fed. (2d) 904; certiorari denied, 320 U. S. 741. There was, by means of the entire operation “a brans-fer” within Internal Revenue Code, section 112 (g) (1) (D), by the old “corporation of all or a part of its assets to another corporation” and “immediately after the transfer the transferor or its shareholders or both” were in control — that is, held 80 percent of the stock (section 112 (h)) — of the transferee corporation. Muskegon Motor Specialties Co., supra. It does not change the result that the stockholders acted as a conduit for the delivery of the assets, Mark Kleeden, 38 B. T. A. 821; that there was a partial alteration in the derivative interests, which occurred independently of the plan and would have taken place irrespective of it, Wilgard Realty Co., 43 B. T. A. 557: affd. (C. C. A., 2d Cir.), 127 Fed. (2d) 514; certiorari denied, 317 U. S. 655; that the plan itself was not formally reduced to writing, Hortense A. Menefee, 46 B. T. A. 865; Walter S. Heller, 2 T. C. 371; affd. (C. C. A., 9th Cir.), 147 Fed. (2d) 376; certiorari denied, 325 U. S. 868; or even that the stockholders had a personal — as opposed to a corporate — reason for the arrangement. Lyon, Inc., 42 B. T. A. 1094; affirmed on other grounds (C. C. A., 6th Cir.), 127 Fed. (2d) 210. The effect upon the situation of the corporate petitioner is that it succeeds to the basis of its predecessor under section 113 (a) (7) of the Internal Revenue Code.[1] For this conclusion it is unnecessary to find that there was a “tax-free” reorganization. Muskegon Motor Specialties Co., supra. In fact, however, no gain or loss was recognized either to the corporate predecessor for purposes of any adjustment of basis under section 113 (a) (7) or to petitioner Survaunt for purposes of determining as to him the tax consequences of the reorganization. There is, in our mind, grave doubt whether the debentures distributed to Survaunt and the other stockholders can be considered “securities” of the new corporation. But that question we find it unnecessary to decide. If they were, the recognition of gain or loss, both to the predecessor corporation and to Survaunt, is forbidden by sections 112 (b) (4) and 112(b) (3) or (5), respectively. If they were not, their contemporaneous distribution relieved the transferor corporation of the recognition of gain under section 112 (d). And any loss, including that claimed by Survaunt, would be eliminated by section 112 (e). It follows that respondent was correct in assigning to the corporate petitioner its transferor’s basis, and in disallowing any loss to Survaunt. Since there was a reorganization, the expenses incurred for attorney’s fees and related charges are to be capitalized, and are not deductible as current expense. Skenandoa Rayon Corporation, 42 B. T. A. 1287; affd. (C. C. A., 2d Cir.), 122 Fed. (2d) 268; certiorari denied, 314 U. S. 696; see Missouri-Kansas Pipe Line Co. v. Commissioner (C. C. A., 3d Cir.), 148 Fed. (2d) 460. The proceeding at Docket No. 3653 will be dismissed. In the other proceedings, Decision will be entered for the respondent. SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) * * * (7) Transfers to corporation. — If the property was acquired— *♦***•• (B) in a taxable year beginning after December 31, 1935, by a corporation in connection with a reorganization, themthe basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer.